UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| THE UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | Case No. 24-CV-00066 |
| ) | |
| v. ) | |
| ) | |
| E-DONG, U.S.A., INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## **JUDGMENT**

Pursuant to plaintiff's motion for entry of judgment pursuant to Rule 55(b) of the Rules of this Court, it is hereby

ORDERED that judgment is entered in favor of the United States against defendant E-Dong, U.S.A., Inc., for unpaid duties, taxes and fees pursuant to 19 U.S.C. § 1592(d), in the amount of $234,748.30, plus prejudgment interest provided by 28 U.S.C. § 2644, and post-judgment interest provided by 28 U.S.C. § 1961.

Dated: _____                              _____
        New York, NY                                        JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| THE UNITED STATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-00066 |
| | ) |
| E-DONG, U.S.A., INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION FOR DEFAULT JUDGMENT

Pursuant to United States Court of International Trade Rule 55(b), plaintiff, the United States, respectfully requests that the Court enter default judgment against defendant E-Dong, U.S.A., Inc (E-Dong).

## BACKGROUND

This is an action to recover the payment of lawful duties, taxes and fees pursuant to 19 U.S.C. § 1592 relating to twenty (20) customs entries of distilled spirits.  Specifically, defendant E-Dong, acting under direction of Gye Hang Lee, the company's President, negligently failed to identify any Federal Excise Tax (FET) obligations on its importation of the Korean distilled beverage soju, while also improperly classifying the distilled beverage under the incorrect Harmonized Tariff Schedule of the United States (HTSUS) code for Korean Rice Wine or sake. Compl. at ¶ 1, 19, 30.[1]

---

[1] "Compl. at ¶ __" refers to the Complaint filed by plaintiff, the United States, against defendant, E-Dong, U.S.A., Inc., in the United States Court of International Trade on March 28, 2024.  ECF No. 4.

All alcoholic beverages, when entered into the United States, are subject to FET.  The United States, through U.S. Customs and Border Protection (CBP), is charged with fixing the final amount of duty to be paid on imported merchandise and determining any increased or additional duties, taxes, and fees due or any excess of duties, taxes, and fees deposited, among other responsibilities.  19 U.S.C. § 1500(c).  Pursuant to 26 U.S.C. §§ 5051(a)(1)(A)(ii), 5052(a), rice wine or sake is subject to FET of $18 per barrel.  Jones Decl. ¶ 8; Ex. 2, Appx138-144. [2] The FET for distilled spirits, including the Korean distilled beverage soju, subject of this proceeding, is $13.50 per proof gallon.  26 U.S.C. §§ 5001(a)(1).  Jones Decl. ¶ 14; Ex. 11, Appx186-190.

Between February 2017 and September 2021, defendant E-Dong filed 38 entries with U.S. Customs and Border Protection for merchandise described as Korean Rice Wine and classified under HTSUS No. 2206.00.4500 (Rice wine or sake) at a duty-free rate.  Jones Decl. ¶ 5; Ex. 1, Appx1-137.  The twenty entries covered by this action (hereinafter referred to as the "subject entries"), were filed between April 7, 2017, through July 12, 2020, at the Los Angeles/Long Beach, California seaport and the port of Chicago, Illinois.  Compl. at ¶ 5-6.  Around July 15, 2021, CBP discovered that E-Dong had failed to pay the required FET when entering rice wine into the United States.  Ex. 4, Appx148-151.  CBP contacted E-Dong's customer broker, and requested entry documents, an ingredient breakdown, and a manufacturing flowchart.  Ex. 5, Appx157-160.  Between August 13, 2021, and August 19, 2021, E-Dong's customs broker provided all requested documents except the purchase orders, which E-Dong explained that it does not issue for shipment.  Ex. 5, Appx157-160.  The customs broker further

---

[2]  The declaration of Supervisory Important Specialist Elizabeth Jones, dated July 10, 2025, and accompanying exhibits, are attached to this motion.  We designate page citations within the exhibits as "Appx__."

explained the failure to pay FET was attributable to a software failure requiring manual input of the HTS code for each importation entry.  Jones Decl. ¶ 10; Ex. 3, Appx146.

At CBP's request, E-Dong also provided CBP with an ingredient breakdown, Ex. 7, Appx171, a production flowchart of the imported merchandise, Ex. 8, Appx177, a physical sample, Ex. 10, Appx183, product labeling, and Certificate of Label Approval, Ex. 9, Appx179-181.  Jones. Decl. ¶ 11.  Upon further inspection, a CBP import specialist determined that the product was not rice wine or sake and correctly classified instead as a distilled spirit.  Compl. at ¶ 14; Jones Decl. ¶ 12.  The product label specifically identifies the imported product as a distilled spirit, and the manufacturing process indicates that the product requires a distillation step.  *Id.*  Upon determination that E-Dong misclassified the product, CBP identified the correct classification for the entries as HTSUS 2208.90.7500 (Undenatured ethyl alcohol of an alcoholic strength by volume of less than 80 percent vol.; spirits, liqueurs and other spirituous beverages: Other: Other Spirits: Other).  Jones Decl. ¶ 13; Ex. 12, Appx191-193.  Although both HTSUS subheadings for Korean rice wine and for soju have a duty-free rate, they are subject to different amounts of FET.  The FET rate for distilled spirits is $13.50 per proof gallon compared to the FET rate for rice wine or sake of $18.00 per barrel.  26 U.S.C. §§ 5001(a)(1); 26 U.S.C. §§ 5051(a)(1)(A)(ii); 5052(a).  Jones Decl. ¶ 14; Ex. 11, Appx185-191; Ex. 2, Appx138-144.  A barrel contains approximately 31 proof gallons.  Compl. at ¶ 17; Jones Decl. ¶ 14.

Consequently, on November 9, 2021, CBP issued a Proposed Notice of Action (CBP form 29) for seven entries CBP identified, advising E-Dong that the subject merchandise is properly classified as a distilled spirit and more FET may apply.  Jones Decl. ¶ 15; Ex. 12, Appx191-193.  On December 8, 2021, E-Dong's customs broker emailed CBP stating that E-Dong did not dispute the reclassification.  Ex. 6, Appx162.  Further, on January 7, 2022, Mr. Lee sent a letter

to CBP admitting that the product was misrepresented as Korean Rice Wine when it should have been classified as "Korean Distilled Spirit(Soju)," and submitted prior disclosure for all past 38 entries made between 2017 and 2021.  Jones Decl. ¶ 16; Ex. 13, Appx195.

As a result of the incorrect identification of the imported merchandise and the failure to identify any FET owed, the United States was deprived of lawful duties and fees in the amount of approximately $361,479.92.  *See* 19 U.S.C. § 1592(d); Jones Decl. ¶ 19.  During the administrative proceedings, E-Dong's surety paid $100,000 to cover its bond obligations.  Compl. at ¶ 24; Jones Decl. ¶ 20.  CBP applied that payment to the appropriate entries.  Jones Decl. ¶ 20; Ex. 14, Appx198-199.  Other entries had lapsed statute of limitations.  CBP issued a final bill for outstanding duty demanded in the amount of $261,479.92 for the remaining 20 entries.  Jones Decl. ¶ 20; Ex. 14, Appx198-199.  CBP has exhausted all administrative remedies.  Compl. at ¶ 23.  To date, E-Dong has not paid any amount of FET owing.  *Id.* at ¶ 25; Jones Decl. ¶ 21.  To date, the statute of limitations has expired for two of the remaining entries, and the unpaid actual loss of FET on the remaining entries is $234,748.30.  Compl. at ¶ 26; Jones Decl. ¶ 22; Ex. 15, Appx201.

## ARGUMENT

### I.  Standard of Review

This Court possesses exclusive jurisdiction to entertain claims by the United States that seek to recover lost revenue and assess penalties against persons that enter merchandise into the United States pursuant to material false statements.  28 U.S.C. § 1582; 19 U.S.C. § 1592.

In reviewing motions for default judgment, the Court accepts all factual allegations as true and assesses whether the Government's demand is within the bounds of remedies available under section 1592.  "In examining a penalty enforcement action, the court must consider both whether the penalty imposed has a sufficient basis in law and fact, and whether Customs

4

accorded the importer all the process to which [it] is entitled by statute and regulation." *United States v. Green Planet, Inc.*, 494 F. Supp 3d 1356, 1359-60 (Ct. Int'l Trade 2021) (cleaned up). "As necessary in cases of default, the court accepts the Government's factual allegations as true." *Id.* at 1360 (citing USCIT R. 55).

## II.  E-Dong, U.S.A., Inc. is Liable for Negligence Under Section 1592(a) for Failure to Pay FET for the Eighteen Entries and Misclassification of the Entries as Korean Rice Wine

### A.    E-Dong's failure to report any FET on its entries and failure to properly classify the imported merchandise as distilled alcoholic beverages constitute material false statements or omissions

Section 1592 provides for the imposition of "[penalties] for fraud, gross negligence, and negligence" in the entry of merchandise into the United States:  "[N]o person by fraud, gross negligence, or negligence – (A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of – (i) any document or electronically transmitted data or information, written, or oral statement, or act which is material or false, or (ii) any omission which is material."  19 U.S.C. § 1592(a).

A document, statement, act or omission is material if it has "the natural tendency to influence or is capable of influencing agency action including…determination of the classification, appraisement or admissibility of merchandise."  19 C.F.R. Part 171, Appx. B(B)(1).  HTSUS classifications of merchandise as presented in customs entry documentation have the tendency to influence decisions in assessing duties and are therefore a material statement under section 1592(a).  *United States v. Optrex America, Inc.*, 560 F. Supp. 2d 1326, 1336 (Ct. Int'l Trade 2008).  Further, FETs are customs duties for the purposes of jurisdiction. *United States v. Maverick Marketing, LLC, et al.*, 322 F. Supp. 3d 1373, 1379 (Ct. Int'l Trade 2018).

E-Dong made two false statements or omissions that were material.  First, E-Dong failed to report any FET on its entries.  *See* Jones Decl. ¶ 10; Ex. 3, Appx146; Ex. 5, Appx160.  FET would have been due whether the merchandise was classified as Korean Rice Wine or as soju.  FET is required on all alcoholic beverages produced in or imported to the United States.  26 U.S.C. §§ 5001 - 5068.  E-Dong correctly identified FET on only the last entry of the subject entries from February 2017 to September 2021, which was not included in the 38 entries.  E-Dong does not dispute the failure to assess FETs on the entries.  *See* Jones Decl. ¶ 10; Ex. 3, Appx146.  Because FETs constitute customs duties, and duties influence or determine the classification, appraisement, or admissibility of merchandise, E-Dong's failure to correctly assess FETs on the entries constitutes a material false statement or omission.  *See Maverick Marketing, LLC, et al.*, 322 F. Supp. 3d at 1379; 19 C.F.R. Part 171, Appx. B(B)(1).

Second, E-Dong initially incorrectly classified the merchandise from the subject entries under HTSUS subheading 2206.00.4500 as rice wine or sake.  As determined by CBP, the correct classification of the entries for soju is HTSUS subheading 2208.90.7500 (distilled spirit: other).  Jones Decl. ¶ 13; Ex. 12, Appx191-193.  The product label specifically identifies the product as a distilled spirit, and the manufacturing process flowchart indicates that the product underwent a distillation step.  Compl. at ¶ 14; Jones Decl. ¶ 12; Ex. 8, Appx177; Ex. 9, Appx179-181.  Therefore, the evidence establishes that E-Dong's misclassifications in the subject entries constituted false statements. *See United States v. Sterling Footwear, Inc.*, 279 F. Supp. 3d 1113, 1128, 1136-37 (Ct. Int'l. Trade 2017) ("[T]he unrebutted evidence demonstrates the existence of a false statement; i.e., that the subject entries were misclassified.").  The misclassifications are material because they affected CBP's proper calculation and collection of FET and resulted in a higher required payment upon reassessment.  *See Optrex America, Inc.*, 560 F. Supp. 2d at 1336;

19 C.F.R. Part 171, Appx. B(B)(1). E-Dong does not dispute the misclassification of the imported merchandise. Jones Decl. ¶ 16; Ex. 13, Appx195.

**B.    E-Dong's material false statements or omissions constitute negligent violations for failure to exercise reasonable care and competence**

Upon determination that a statement or omission is material, CBP then examines whether the statement or omission is the result of fraud, gross negligence, or negligence. 19 U.S.C. § 1592(a)(1)(A). To prove negligence, the Government need establish only the act or omission constituting the violation, and the burden falls upon the alleged violator to prove that their act or omission did not occur as a result of negligence. 19 U.S.C. § 1592(e)(4). An importer of record or authorized agent must use reasonable care in filing entry documents with the CBP including classification and valuation so that the agency can "properly assess duties on the merchandise." 19 U.S.C. § 1484(a)(1)(B). A negligence violation generally results from the failure to exercise reasonable care and competence (a) to ensure that statements made and information provided in connection with the importation of merchandise are complete and accurate, or (b) to perform any material act required by statute or regulation. 19 C.F.R. Pt. 171, App. B (C)(1).

E-Dong failed to use reasonable care and competence in filing entry documents when entering its distilled spirits pursuant to 19 U.S.C. § 1484(a)(1)(B).

First, E-Dong failed to assess any FET required on any entries other than the last entry. The custom's broker's explanation that software issues necessitated manual entry of FET on each importation entry is unpersuasive. E-Dong imported merchandise for more than four years without examination of whether the entries met FET reporting requirements. Further, E-Dong, as well as the customs broker, should be aware that any importation of alcohol should include FET on entry documents. Failure of an importer to check whether FET is included on its entry documents, knowing that the merchandise is a form of alcohol, is unreasonable, especially when

information is readily available on U.S. Government websites that describe the importation

requirements of alcohol and federal excise tax.  *United States v. Golden Ship Trading Co.*, 25

C.I.T. 40, 47 (Ct. Int'l Trade 2001).

Second, E-Dong failed to use the proper HTSUS number on its importation of

merchandise as consistent with their own Certificate of Label Approval, the product label, and

manufacturing process flowchart.  Proper review of each entry should have alerted E-Dong to the

discrepancy.  E-Dong and its agents had the responsibility to at least undertake an effort to verify

the information on the entry documents.  *Id.*

For the foregoing reasons, E-Dong does not meet the burden of proving its act or

omission did not occur as a result of negligence, and E-Dong failed to exercise reasonable care

and competence in filing entry documents pursuant to 19 U.S.C. § 1484(a)(1)(B).

## III. The Court Should Award Lost Revenue

"[I]f the United States has been deprived of lawful duties, taxes, or fees as a result of a

violation of subsection (a), the Customs Service shall require that such lawful duties, taxes, and

fees be restored, whether or not a monetary penalty is assessed."  19 U.S.C. § 1592(d).  The

evidence establishes that E-Dong violated 19 U.S.C. § 1592(a), which resulted in an

underpayment of FET.  Therefore, E-Dong owes the government $234,748.30 in unpaid actual

loss of FET, which is the original amount of underpayment of $361,479.92, less $100,000 as

covered by E-Dong's surety and entries that expired under the statute of limitations.  Compl. at ¶

26; Jones Decl. ¶ 22; Ex. 15, Appx201.

## CONCLUSION

For these reasons, pursuant to 19 U.S.C. § 1592(d), we respectfully request that the Court

enter default judgment against defendant E-Dong U.S.A., Inc. for failure to pay lawful duties,

taxes and fees in the amount of $234,748.30, at a culpability level of negligence, plus prejudment

interest provided by 28 U.S.C. § 2644 and post-judgment interest provided by 28 U.S.C. § 1961;

and such other relief as this Court deems just and appropriate.

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:                                   /s/ Collin T. Mathias
JENNIFER FELDMAN                        COLLIN T. MATHIAS
Office of the Assistant Chief Counsel     Trial Attorney
U.S. Customs and Border Protection      Commercial Litigation Branch
                                          Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 480, Ben Franklin Station
                                          Washington, D.C. 20044
                                          Telephone: (202) 307-0315
                                          Email: Collin.T.Mathias@usdoj.gov

August 7, 2025                                   *Attorneys for Plaintiff United States*