Slip Op. 25-139

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES**, <br><br> Plaintiff, <br><br> v. <br><br> **E-DONG, U.S.A., INC.**, <br><br> Defendant. | Before: Timothy M. Reif, Judge <br><br> Court No. 24-00066 |

## OPINION AND ORDER

[Granting plaintiff's motion for default judgment.]

Dated: October 21, 2025

Collin T. Mathias, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for plaintiff United States. With him on the brief were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Reginal T. Blades, Jr., Assistant Director.

\* \* \*

Reif, Judge: Before the court is the U.S. Court of International Trade ("USCIT") Rule 55(b) motion of plaintiff United States ("government") for a default judgment against defendant E-Dong, U.S.A., Inc. ("E-Dong"). Mot. for Default J. ("Pl.'s Mot. for Default J."), ECF No. 14. The government seeks to recover unpaid federal excise taxes ("FETs") in the amount of $234,748.30 pursuant to 19 U.S.C. § 1592(d), arising from violations of § 1592(a)(1)(A)(i). Pl.'s Mot. for Default J. at 1; *see also* Compl., ECF No. 4. The government also seeks pre- and post-judgment interest. Pl.'s Mot. for Default J. at 8-9. Defendant failed to answer the complaint, respond to the government's motion

for default judgment or otherwise appear in this action. Accordingly, on November 22, 2024, the court entered default against E-Dong pursuant to USCIT Rule 55(a). Entry of Default, ECF No. 12.

As explained further below, the court grants plaintiff's motion for default judgment against E-Dong, concludes that the decision by U.S. Customs and Border Protection ("Customs'") is supported by substantial evidence and in accordance with law and awards the United States $234,748.30 in unpaid FETs plus pre-judgment interest at a rate calculated in accordance with 26 U.S.C. § 6621 and post-judgment interest at a rate calculated in accordance with 28 U.S.C. § 1961.

## BACKGROUND

E-Dong, a California corporation, filed 20 entries of Korean distilled beverage soju from April 7, 2017, through July 12, 2020, at the ports of Los Angeles/Long Beach, California and Chicago, Illinois. Compl. ¶¶ 4-6; Decl. of Elizabeth Jones ¶ 5, ECF No. 14-1 ("Jones Decl."). For all 20 entries, E-Dong classified the merchandise as rice wine under Harmonized Tariff Schedule of the United States ("HTSUS") subheading 2206.00.4500. Compl. ¶¶ 1, 8. Customs later determined that the product was distilled soju, properly classified under HTSUS subheading 2208.90.7500. *Id*. ¶ 15. Both provisions of the HTSUS are duty-free; however, rice wine carries an FET of $18 per barrel, whereas merchandise classified as distilled spirits is subject to an FET of $13.50 per proof gallon.[1] Compl. ¶¶ 15-17; Jones Decl. ¶ 13-14; Pl.'s Mot. for Default J. at 3. By classifying the subject entries as rice wine, E-Dong would have paid substantially

---

[1] A barrel contains approximately 31 proof gallons. Compl. ¶ 17; Jones Decl. ¶ 14.

less in FETs than had the subject entries been correctly classified as distilled spirits. Compl. ¶¶ 15-17; Jones Decl. ¶ 13-14; Pl.'s Mot. for Default J. at 3.

The United States imposes an FET on all alcoholic beverages imported into the country. Compl. ¶ 9; Jones Decl. ¶ 6. E-Dong did not identify or pay any FET owed at entry. Compl. ¶ 21; Jones Decl. ¶ 9. Customs calculated that E-Dong's misclassification and failure to declare excise taxes deprived the United States of $361,479.92 in lawful revenue. Compl. ¶ 22; Jones Decl. ¶ 19. After crediting the $100,000 payment made by E-Dong's surety and excluding entries barred by the statute of limitations, the government calculates that E-Dong currently owes $234,748.30 in unpaid FETs. Compl. ¶ 26; Jones Decl. ¶ 22.

## JURISDICTION AND STANDARD OF REVIEW

This court has exclusive jurisdiction over "any civil action which arises out of an import transaction and which is commenced by the United States . . . to recover a civil penalty under [19 U.S.C. § 1592]," 28 U.S.C. § 1582(1), or "to recover customs duties," *id.* § 1582(3). The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1582(1) and (3) for unpaid FETs pursuant to 19 U.S.C. § 1592(d) based on a violation of § 1592(a). *United States v. Maverick Mktg., LLC*, 42 CIT __, __, 322 F. Supp. 3d 1373, 1377 (2018).

## LEGAL FRAMEWORK

When considering a motion for default judgment, the court accepts as true all well-pleaded facts in the complaint but must reach its own legal conclusions. *United States v. Green Planet, Inc.*, 45 CIT __, __, 494 F. Supp. 3d 1356, 1358 (2021); *United*

States v. NYCC 1959 Inc., 40 CIT __, __, 182 F. Supp. 3d 1346, 1347 (2016) (citing N.Y.C. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011)).

The court is required to enter judgment against E-Dong if: (1) the government's factual allegations establish E-Dong's liability as a matter of law under § 1592(a); and (2) the government's claim for deprivation of lawful taxes under § 1592(d) is "for a sum certain or for a sum that can be made certain by computation." USCIT Rule 55(b).

The court has discretion to award pre-judgment interest, even in the absence of statutory authority. *See United States v. Ford Motor Co.*, 31 CIT 1178, 1181 (2007); *see also United States v. Jac Natori Co.*, 22 CIT 1101 (1998) (holding that a judgment awarding unpaid duties recovered pursuant to § 1592 and "interest as provided by law" includes pre-judgment interest). The court also awards the government post-judgment interest as provided by 28 U.S.C. § 1961. *See United States v. Mariola Int'l Co.*, 42 CIT __, __, 321 F. Supp. 3d 1354, 1356 (2018); *United States v. Chavez*, Slip Op. 17-140, 2017 WL 4546775, at *4 (CIT Oct. 10, 2017); *United States v. Golden Gate Petrol. Co.*, 30 CIT 174, 183 (2006).

## DISCUSSION

### I.   Violation of 19 U.S.C. § 1592(a)(1)(A)(i)

Admitted as true, the government's factual allegations establish that E-Dong violated § 1592(a)(1)(A)(i), which prohibits the entry of merchandise into the commerce of the United States by means of "any document or electronically transmitted data or information, written or oral statement, or act which is material and false." 19 U.S.C. § 1592(a)(1)(A)(i). A document, statement, or act is "material" if it has the "tendency to influence or is capable of influencing . . . a Customs action regarding . . . the

classification, appraisement, or admissibility of merchandise." 19 C.F.R. pt. 171, app. B(B)(1).

E-Dong misclassified the merchandise as rice wine under HTSUS subheading 2206.00.4500 rather than classifying the merchandise as distilled spirits under subheading 2208.90.7500. Compl. ¶¶ 8, 15. Misclassifications under the HTSUS are material misstatements under § 1592(a) because they have the tendency to influence Customs' decisions regarding classification and duty assessment. *See United States v. Optrex Am., Inc.*, 32 CIT 620, 631, 560 F. Supp. 2d 1326, 1336 (2008); *United States v. Sterling Footwear, Inc.*, 41 CIT __, __, 279 F. Supp. 3d 1113, 1136-37 (2017) ("[T]he unrebutted evidence demonstrates the existence of a false statement; i.e., that the subject entries were misclassified."). In this case, E-Dong's false tariff classification was material because Customs' calculation of the tax rate depended on whether the merchandise was treated as rice wine, taxed at $18 per 31-gallon barrel, or as distilled spirits, taxed at $13.50 per proof gallon. Compl. at ¶ 17; Jones Decl. ¶ 14.

## II. Liability under 19 U.S.C. § 1592(d)

When "the United States has been deprived of lawful . . . taxes . . . as a result of a violation of [§ 1592(a)], [Customs] shall require that such lawful . . . taxes . . . be restored." 19 U.S.C. § 1592(d). The facts alleged demonstrate that E-Dong violated § 1592(a) by misclassifying its merchandise and thereby violated § 1592(d) by depriving the United States of the unpaid FETs owed. The government has alleged a "sum certain" pursuant to USCIT Rule 55(b) in the amount of $234,748.30 in unpaid FETs.

Court No. 24-00066    Page 6

### III.    Pre-judgment and post-judgment interest

The government also claims pre- and post-judgment interest.  The award of pre-judgment interest lies within the discretion of the court based on considerations of equity and fairness.  *See United States v. Goodman*, 6 CIT 132, 140, 572 F. Supp. 1284, 1289 (1983).[2]  Here, the government has prosecuted its claim without delay and repeatedly made formal demands on E-Dong for payment.  *See* Pl's Mot. for Entry of Default, ECF No. 11.  Equity therefore favors awarding pre-judgment interest.  *See Ford Motor Co.*, 31 CIT at 1181 (awarding pre-judgment interest where no government delay occurred).  Pre-judgment interest runs from the government's last formal demand for payment to the date of this judgment.  *See United States v. Imperial Food Imps.*, 834 F.2d 1013, 1016 (Fed. Cir. 1987) (holding that government should be compensated for lost use of the money due because "[i]t would be inequitable and unfair for the government to make an interest-free loan of this sum from the date of final demand to the date of judgment"); *United States v. Monza Automobili*, 12 CIT 239, 242, 683 F. Supp. 818, 820-21 (1988) (awarding pre-judgment interest from the date of final demand for payment); *Ford Motor Co.*, 31 CIT at 1182 n.3.  Customs' last demand for payment was August 11, 2023.  *See* Pl.'s Mot. for Default J, Ex. 14 at Appx198, ECF No. 14-2.  The interest rate is calculated in accordance with 26 U.S.C. § 6621.[3]  The court also awards post-judgment interest as

---

[2] The government sought pre-judgment interest pursuant to 28 U.S.C. § 2644 but this statute provides only the correct rate of interest, not the authority for the government to demand and be awarded such interest.  *See United States v. Goodman*, 6 CIT 132, 140, 572 F. Supp. 1284, 1290 (1983) ("[S]ection 2644 does not embrace actions under 28 U.S.C. § 1582 . . . .").

provided by 28 U.S.C. § 1961.[4]  *See Golden Gate Petrol.*, 30 CIT at 183; *Mariola*, 42 CIT at __, 321 F. Supp. 3d at 1356 (applying post-judgment interest pursuant to § 1961 for unpaid FETs).  Post-judgment interest is calculated from the date of the entry of this judgment, at a rate calculated in accordance with the statute.  *See* 28 U.S.C. § 1961(a).

## CONCLUSION

For the aforementioned reasons, it is hereby

**ORDERED** that plaintiff's motion for default judgment is **GRANTED**; it is further

**ORDERED** that judgment is entered for plaintiff against defendant E-Dong for unpaid FETs on the subject merchandise in the amount of $234,748.30; it is further

**ORDERED** that plaintiff is awarded pre-judgment interest on $234,748.30, accruing since August 11, 2023, the date of Customs' last formal demand for payment, to the

---

[3] The terms of § 2644 require pre-judgment interest to be calculated at an annual rate established pursuant to 26 U.S.C. § 6621.  *See Goodman*, 6 CIT at 140, 572 F. Supp. at 1290 ("[I]t appears equitable that prejudgment interest should be calculated on the basis of the *rate* provided in in 28 U.S.C. § 2644 (in accordance with 26 U.S.C. § 6621), since that is the rate which Congress determined would adequately compensate an importer for the loss of use of its money where duties are erroneously assessed.").

[4] By its own terms, § 1961 applies only to money judgments in civil cases recovered in district courts.  *See* 28 U.S.C. § 1961(c)(4).  However, for the reasons stated in *Golden Gate*, because the U.S. Court of International Trade "possess[es] all the powers in law and equity of, or as conferred by statute upon, a district court of the United States," the rate of interest specified in § 1961 applies here.  *United States v. Golden Gate Petrol.*, 30 CIT 174, 183 n.9 (2006).  While the Court in *Goodman* refused to apply § 1961, *see Goodman* 6 CIT at 140-41, 572 F. Supp. at 1290, recent cases have declined to follow this approach, finding instead that § 1961 provides statutory authority for the award of post-judgment interest.  *See, e.g.*, *United States v. Mariola Int'l Co.*, 42 CIT __, __, 321 F. Supp. 3d 1354, 1356 (2018); *United States v. Chavez*, Slip Op. 17-140, 2017 WL 4546775, at *4 (CIT Oct. 10, 2017); *United States v. Ford Motor Co.*, 31 CIT 1178, 1182 (2007); *United States v. Monza Automobili*, 12 CIT 239, 242, 683 F. Supp. 818, 821 (1988).

date of entry of this judgment, at a rate calculated in accordance with 26 U.S.C. § 6621; and it is further

    **ORDERED** that plaintiff is awarded post-judgment interest, accruing as of the date of entry of this judgment, at a rate calculated in accordance with 28 U.S.C. § 1961.

    **SO ORDERED.**

                                              /s/     Timothy M. Reif
                                              Timothy M. Reif, Judge

Dated: October 21, 2025
          New York, New York